**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

BRANDON L. CHURCH,                      )
                                        )
                Petitioner,             )
                                        )        No. 4:20-cv-01187-ACL
        v.                              )
                                        )
STANLEY PAYNE,                          )
                                        )
                Respondent.             )

## MEMORANDUM AND ORDER

This matter comes before the Court on review of self-represented litigant Brandon L. Church's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the Court will transfer this case to the United States District Court for the Western District of Missouri.

### Discussion

Petitioner is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a Missouri state court conviction for second-degree murder. *State of Missouri v. Church*, No. 11AE-CR01864-01 (6th Jud. Cir., Platte County). On May 16, 2014, he was sentenced to twenty-two years' imprisonment. Petitioner timely filed a Mo. Sup. Ct. R. 24.035 motion on September 22, 2014. *Church v. State of Missouri*, No. 14AE-CV02925 (6th Jud. Cir., Platte County). The motion was denied on August 17, 2018. Petitioner filed an appeal, and the Missouri Court of Appeals affirmed his judgment on November 15, 2019. *Church v. State of Missouri*, No. WD82138 (Mo. App. 2019).

According to the information provided in the petition, and corroborated by the Court's

review of prisoner's state court records, the conviction that petitioner is challenging arose in the Circuit Court of Platte County, Missouri. Platte County is located in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(3).

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). Pursuant to this section, the district courts for the Eastern District of Missouri and the Western District of Missouri have concurrent jurisdiction to hear this case. In a circumstance such as this, the district court in which the petition is originally filed may, in the exercise of its discretion and the furtherance of justice, transfer the case to the other district for hearing and determination. Additionally, 28 U.S.C. § 1404(a) provides that a district court, for the convenience of the parties and witnesses and in the interest of justice, may transfer any civil action to any other district or division where it might have been brought.

Transfer of this action is appropriate because petitioner's constitutional claims are based upon a conviction in a circuit court located within the Western District of Missouri. The relevant records are thus located there. Furthermore, if a hearing is required, the Western District of Missouri would be more convenient for witnesses. Finally, the Court has entered an administrative order stating that, absent any unusual circumstances, any habeas petition challenging a conviction or sentence arising out of a proceeding in the Western District of Missouri should be transferred to that district. As such, the Court will order that this case be transferred to the United States

2

District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall transfer this case to the United

States District Court for the Western District of Missouri. *See* 28 U.S.C. § 2241(d).

Dated this *3rd* day of *September* , 2020.

_____

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

3